FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| LPP MORTGAGE LTD., f/k/a LOAN PARTICIPANT PARTNERS, LTD., | ) ) ) |  |
| Plaintiff, | ) ) ) | Civil No. 2006-180 |
| v. | ) ) |  |
| GIBSON PROSPER, THEONA R. PROSPER, and the UNITED STATES OF AMERICA, | ) ) ) |  |
| Defendants. | ) ) |  |

ATTORNEYS:

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiff,*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
     *For defendant, the United States of America.*

**Pedro K. Williams, Esq.**
St. Thomas, U.S.V.I.
     *For defendants Gibson Prosper and Theona R. Prospser.*


<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

     Before the Court is the motion of the plaintiff, LPP

Mortgage Ltd, f/k/a Loan Participant Partners, Ltd ("LPP"), to

dismiss the counterclaim filed by the defendants, Gibson Prosper

and Theona R. Prosper (together, the "Prospers").  For the

reasons stated below, the Court will grant the motion in part and

deny the motion in part.

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 2

## I.   FACTS

The above-captioned action for debt and foreclosure was originally commenced in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John.  On October 11, 2006, the matter was removed to this Court.  The complaint alleges that the Prospers defaulted under the terms of a promissory note (the "Note") executed in favor of LPP for failing to make payments of principal and interest when due.[1]  The complaint further alleges that repayment of the sums due under the Note was secured by a mortgage (the "Mortgage") covering certain real property described as Parcels No. 6-21 and No. 6-22 Estate Contant, No. 7Ba Southside Quarter, St. Thomas, U.S. Virgin Islands, as shown on P.W.D. File No. D9-605-t66, dated September 5, 1966 (the "Property").

The Prospers have filed a counterclaim against LPP, claiming that they "have consistently paid the mortgage on the [Property]," and that "to the best of [the Prospers'] knowledge and record, the mortgage payment is current." (Counterclaim 3, ¶¶ 8-9, Oct. 11, 2006.)  The counterclaim alleges that, in seeking foreclosure, LPP "operated and dealt in bad faith," and

---

[1]  Technically, the complaint states that the Note was executed by the Prospers in favor of the United States of America Small Business Administration (the "SBA").  However, the complaint also states that the Note and Mortgage were assigned to LPP on July 31, 2001.

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 3

"intentionally engaged in a course of action to deprive [the

Prospers] . . . of their property." (*Id.* at ¶¶ 8, 12.)

## II.   DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge

must accept as true all of the factual allegations contained in

the complaint." *Erickson v. Pardus*, --- U.S. ----, ----, 127

S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

1965, 167 L.Ed.2d 929 (2007)).  All reasonable inferences are

drawn in favor of the non-moving party. *Alston v. Parker*, 363

F.3d 229, 233 (3d Cir. 2004).  A court must ask whether the

pleading "contain[s] either direct or inferential allegations

respecting all the material elements necessary to sustain

recovery under *some* viable legal theory." *Bell Atlantic Corp.*,

127 S.Ct. at 1969 (emphasis in original) (quoting *Car Carriers,

Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic

recitation of a cause of action's elements will not do." *Id*. at

1964-65 (internal citations omitted).  Thus, "[t]o survive a

motion to dismiss, a . . . plaintiff must allege facts that

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 4

'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1965).

### III.  ANALYSIS

The Prospers' counterclaim may be read to assert claims against LPP for breach of the implied covenants of good faith and fair dealing, and for intentional infliction of emotional distress.[2]  LPP argues that both asserted causes of action should be dismissed for failure to state a claim upon which relief may be granted.

**A.   Good Faith and Fair Dealing**

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205 (1981) ("Section 205");[3] *see also Jo-Ann's Launder Center, Inc. v. Chase Manhattan Bank,*

---

[2]  LPP views the counterclaim as also asserting a claim for defamation, and puts forth several arguments for dismissal of such claim.  However, in their opposition to the instant motion to dismiss, the Prospers make clear that they have not attempted to bring a claim for defamation.

[3]  The "rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary." 1 V.I.C. § 4 (2003).

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 5

*N.A.*, 854 F. Supp. 387, 390 (holding that Virgin Islands law, in accordance with the Restatement (Second) of Contracts, "permit[s] a cause of action for breach of the implied duty of good faith and fair dealing in a loan contract between a lender and a borrower"). Comment (a) to Section 205 defines good faith as "honesty in fact in the conduct or transaction concerned." Restatement (Second) of Contracts § 205 cmt.(a) (quoting U.C.C. § 1-201(19)). The Restatement further provides:

> Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving "bad faith" because they violate community standards of decency, fairness or reasonableness.
>
> . . .
>
> [B]ad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

*Id.*

Thus, to state a claim for breach of the implied duties of good faith and fair dealing, a party must allege: (1) that a contract existed between the parties, and (2) that, in the performance or enforcement of the contract, the opposing party

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 6

engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties. *See* Restatement (Second) of Contracts § 205; *Boehm v. Chase Manhattan Bank,* 2002 WL 31986128, *4-5 (D.V.I. 2002); *Robinson v. Hess Oil V.I. Corp.*, 19 V.I. 106, 112 (D.V.I. 1982).

In their answer and counterclaim in this matter, the Prospers admit to the allegations in LPP's complaint regarding the execution of the Note. The counterclaim also repeatedly refers to the Mortgage covering the Property. Therefore, the Prospers have alleged that a contractual relationship existed between them as mortgagors/borrowers and LPP as mortgagee/lender. *See, e.g., Boehm*, 2002 WL 31986128 at *5 ("As mortgager and mortgagee, there was without question a contractual relationship between Boehm and Chase."). Additionally, the counterclaim states that LPP commenced the instant foreclosure action against the Prospers despite the fact that their mortgage payments were current.

According to the allegations in the Prospers' counterclaim, in the course of performing or enforcing the Note and Mortgage, engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties. As such, the Prospers have stated a

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 7

claim for breach of the implied covenants of good faith and fair dealing. *Cf. Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 561-62 (D.V.I. 2004) (holding that allegations that mortgage holders agreed to provide insurance on the plaintiffs' real property, but misled the owners as to the extent of coverage and billed the owners for excessive and unnecessary insurance after a hurricane damaged the property, stated a claim for breach of the implied duties of good faith and fair dealing under Virgin Islands law); *Boehm*, 2002 WL 31986128 at *5 ("Where it appears from the facts that Chase (1) acquired insurance for Boehm's benefit, (2) required Boehm to pay for such insurance, (3) notified Boehm of the insurance, albeit with significant delay, and then (4) denied that such insurance ever existed, the Court has no question that Boehm has stated a claim for breach of the implied covenant of good faith and fair dealing.").[4]

---

[4]   LPP argues that, in commencing this foreclosure action, it was not acting in bad faith but rather properly exercising its rights under the Note and Mortgage.  In support of that argument, LPP urges the Court to took to the terms of the Note and Mortgage, as well as documentation relating to a subsequently recorded lien on the Property.  LPP asserts that the Mortgage prohibited the Prospers from allowing the junior lien to be recorded against the Property, and that evidence of the lien establishes that the Prospers had in fact defaulted under the terms of the Mortgage.  The Court acknowledges that a party does not breach the implied covenants of good faith and fair dealing by simply asserting its rights under the terms of a contract. *See, e.g., Pemberton Sales & Service, Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 966 (D.V.I. 1994) ("Pemberton may not meritoriously state a claim for breach of good faith when

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 8

## B.  Intentional Infliction of Emotional Distress

An action in tort accompanying a breach of contract claim requires allegations setting forth "a duty or obligation imposed by law independent of that arising out of the contract itself." *Jo-Ann's Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.*, 854 F. Supp. 387, 392 (D.V.I. 1994); *see also International Minerals and Min. Corp. v. Citicorp N. Am., Inc.*, 736 F. Supp. 587, 597 (D.N.J. 1990) ("[A]n independent tort action is not cognizable where there is no duty owed to the plaintiff other than the duty arising out of the contract itself.").  To maintain an independent tort claim, a party must allege facts showing that the tortious conduct is the "gist of the action" and that the contract is collateral. *See Bohler-Uddeholm America Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103 (3d Cir. 2001).  "[T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bohler-Uddeholm America Inc.*, 247 F.3d at 103 (internal citation and quotations omitted).

---

Banco Popular simply was asserting its rights under the loan contract.").  However, the Prospers allege that they were not in default under the Mortgage.  While the evidence might eventually show otherwise, it is inappropriate for the Court to consider such evidence at this stage of the litigation.

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 9

Whether the "gist of the action" lies in tort or contract will therefore depend on the source of the duty allegedly violated. "If the claim essentially alleges a breach of duties that flow from an agreement between the parties, the claim is contractual in nature, whereas if the duties allegedly breached were of a type imposed on members of society as a matter of social policy, the claim is essentially tort-based." *Charleswell*, 308 F. Supp 2d at 567 (internal citation and quotations omitted).

Based on the allegations in the Prospers' counterclaim, the only duties that LPP could have breached involve failure to properly administer the Prospers' Mortgage. Whether or not the duties breached by LPP were within the scope of the written contracts, those alleged obligations were imposed by mutual consensus rather than by social policy. The counterclaim does not allege that LPP owed the defendants any special obligations other than those arising out of an ordinary contract for the repayment of debt secured by a mortgage. Absent any allegations showing an independent duty owed by LPP, the Prospers' tort claims may not be maintained in addition to their breach of contract claims. *See, e.g., Jo-Ann's Launder Ctr., Inc.*, 854 F. Supp. at 391 (holding that, absent any duty owed by a lender bank to borrowers independent of a contractual duty of reasonable care in handling their loan, the borrowers' tort remedies could not be

*LPP Mortgage Ltd, F/K/A Loan Participant Partners, Ltd v. Prosper, et al.*
Civil No. 2006-180
Memorandum Opinion
Page 10

maintained in addition to those established under contract itself).

Accordingly, the Prospers have failed to state a claim for intentional infliction of emotional distress.

### IV.   <u>CONCLUSION</u>

For the foregoing reasons, LPP's motion will be denied insofar as it seeks dismissal of the Prospers' counterclaim for breach of the implied covenants of good faith and fair dealing. However, LPP's motion will be granted insofar as it seeks dismissal of the Prospers' counterclaim for intentional infliction of emotional distress.  An appropriate Order follows.

S\_____
    **Curtis V. Gómez**
    **Chief Judge**